UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 20-60890-CIV-ALTMAN/HUNT

RELIABILL SOLUTIONS, LLC,

    Plaintiff,

v.

MILESTONE DETOX, LLC,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on Plaintiff's Supplemental Motion for Damages and Attorney's Fees and Costs.  ECF No. 21.  The Honorable Roy K. Altman referred Plaintiff's Motion to the undersigned for a report and recommendation.  ECF No. 22; *see also* 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1.  Upon thorough review of the record and Plaintiff's Motion, the undersigned respectfully RECOMMENDS that Plaintiff's Motion be GRANTED IN PART and DENIED IN PART as set forth below.

## BACKGROUND

This case stems from a breach of contract alleged by Plaintiff against Defendant. ECF No. 1.  The Clerk entered a default judgment against Defendant on December 29, 2020, and the Court on January 20, 2021, granted in part and denied in part Plaintiff's Motion for Default Final Judgment.  ECF No. 20.  In its Order, the Court found that Plaintiff plausibly alleged that Defendant was liable for Plaintiff's Damages, but determined that it could not accurately determine the scale of those damages.  *Id.*  The Court invited Plaintiff

to file a supplemental motion for damages and attorney's fees and costs, and Plaintiff timely did so. ECF No. 21. Defendant did not respond.

## DISCUSSION

The Court in its Judgment found that

> although [Plaintiff's] request for $33,199.67 is readily calculable from the Motion, the supporting affidavits, and the invoices, [Plaintiff] doesn't similarly support its separate claim to the termination fee. Nor does [Plaintiff] explain how the contract's early-termination provision entitles it to an additional $2,394.73 in late fees. And, while [Plaintiff] has established its entitlement to attorney's fees and costs, it does not provide sufficient evidence to justify the amount of fees and costs it has requested. So, for instance, Mr. Spuches attests to certain billing rates and a total dollar amount, but he does not set out the 8 specific hours each lawyer and paralegal worked on the case. And, although Mr. Ladd opines about the reasonableness of the hourly rates and swears that he's reviewed the billing records, he doesn't append those records to his affidavit. Nor does he disclose the hours each lawyer and paralegal billed on the case. Without this information, the Court cannot say whether the fees are reasonable. Similarly, [Plaintiff] never itemizes its request for $2,774.84 in costs, nor does it explain why those costs included "arbitration fees" and "arbitrator's fees."

ECF No. 20 at 7–8.

In its supplemental Motion, Plaintiff asks for $33,199.67 in outstanding invoices, $57,233.14 in liquidated damages, $2,394.73 in late fees, and $23,637.19 in attorney's fees and costs, for a total award of $116,464.73. The undersigned notes the District Court's finding that Plaintiff is entitled to $33,199.67, and examines the outstanding determinations below.

### A. Damages

As Plaintiff correctly explains, "[u]nder Florida law, '[i]t is well settled that . . . the parties to a contract may stipulate in advance to an amount to be paid or retained as liquidated damages in the event of a breach.'" *EBSCO Gulf Coast Dev., Inc. v. Salas as*

*Trustee of Salas Children Trust dated September 28, 2009*, No. 3:15-cv-586/MCR/EMT, 2018 WL 7288764, at *11 (N.D. Fla. Aug. 1, 2018) (quoting *Lefemine v. Baron*, 573 So. 2d 326, 328 (Fla. 1991)). "A liquidated damages provision in a contract is enforceable so long as (1) damages as a result of the breach were not readily ascertainable at the time of the contract and (2) the sum stipulated is not grossly disproportionate to any damages that might reasonably be expected to flow from the breach, otherwise it is a penalty and unenforceable." *Id.* Plaintiff argues that the Contract, affidavits and invoices establish that the amount of liquidated damages in this case is $59,627.87.  The Contract states that:

> In the event that . . . Provider [Milestone] elects to terminate this Agreement early, without respecting the termination provision in Paragraph 6. Section A., then Provider shall pay, as liquidated damages, a termination fee equal to (i) the greater of [(a) the most recent previous full month's total invoice for services prior to the Date of Provider's Written Notice of Termination multiplied by 6 or (b) the average of the previous 3 full month's invoice totals multiplied by 6], plus (ii) 50% of the outstanding receivables due to Provider for any billings submitted by [Plaintiff] within the last 120 days immediately preceding The Provider's Written Notice of Termination but not yet paid, plus the amount provided in paragraph 3 hereof for any additional payments made before The Effective Date of Termination. The parties agree that this amount has been reviewed and found to be a reasonable estimate to serve as liquidated damages . . . Provider agrees it may not challenge this liquidated damages provision as being unreasonable, and Provider agrees it will not contest an order entering a judgment in this amount without delay and will not present any defenses or counterclaims.

Contract, p. 4, § 6(B), ECF No. 21-1 at 5.

Plaintiff here claims as liquidated damages the average of the previous three full months' invoice totals multiplied by 6.  Plaintiff alleges to have attached a series of invoices sent to both Defendant's San Juan Capistrano office and its Temecula office.  As Plaintiff demonstrates, when the invoice totals are combined, the average equals $9,538.86, which, when multiplied by 6, gives a total liquidated damages amount of

3

$57,233.16.[1]  The undersigned finds that, given the Contract, the affidavits, and the invoices, Plaintiff has adequately proven its entitlement to liquidated damages using the formula provided in the contract.

Plaintiff also points out that section 3(F) of the Contract entitles Plaintiff to assess late fees if invoices are not paid within ten days of the due date.  Section 3(f), entitled "Payment Due Date and Late Fee," ECF No. 21-3 at 10, states that

> [a]ll payments shall be made within 10 days of invoice date.  Late payments are subject to the greater of $250 per month per invoice or a Five Percent (5%) late fee, or the maximum amount allowed by law, applied on the first day of each month an invoice remains unpaid.

The undersigned likewise finds Plaintiff has adequately demonstrated its entitlement to late fees under the Contract, and, taking the evidence together, has shown the proper award to be $2,394.73.

## B. Fees

Likewise, Plaintiff points to the Contract to show its entitlement to reasonable attorney's fees and costs.  Per Section 10(k) of the Contract, "[t]he prevailing party in any dispute arising out of or related to the Master Document or any other matters between the parties shall be awarded reasonable attorneys' fees and costs." ECF No. 21-3 at 11.  Accordingly, Plaintiff is entitled to reasonable attorneys' fees and costs.

A court uses the lodestar method to calculate reasonable attorney's fees, multiplying a reasonable hourly rate by the number of hours reasonably expended. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  A

---

[1]   The undersigned notes that Plaintiff appears to have submitted invoices only for Defendant's San Juan office. ECF No. 21-2. However, all of the claimed invoices can be found at ECF No. 1-2.

reasonable hourly rate for attorney's fees is determined by evaluating "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)); *see also ACLU v. Barnes*, 168 F.3d 423, 438 (11th Cir. 1999) ("The significant disparity in their experience should be reflected in the rates awarded."); *Brown v. Sch. Bd. of Broward Cnty.*, 2010 WL 3282584, at *3 (S.D. Fla. June 30, 2010) (reducing requested hourly rate of six-year attorney from $300 to $250).  The movant bears the burden of proving that the requested rate is consistent with prevailing market rates. *Norman*, 836 F.2d at 1299, 1303.  In addition to evidence presented by the movant, "[a] court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."  *Id.* at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)) (internal quotation marks omitted). Thus, even when the submitted evidence is deficient, a court has the power to make a fee award without the need of further pleadings or an evidentiary hearing.[2]  *Id.*

---

[2]     A hearing on a fee petition is required only where one is requested, where facts are in dispute, and where the record is not sufficiently clear to allow the trial court to resolve those disputes.  *Norman*, 836 F.2d at 1303-04.  Moreover, "[a]n evidentiary hearing is unnecessary for issues about which the district court possesses sufficient expertise: 'Such matters might include the reasonableness of the fee, the reasonableness of the hours, and [the] significance of the outcome.'"  *Thompson v. Pharmacy Corp. of Am.*, 334 F.3d 1242, 1245 (11th Cir. 2003) (quoting *Norman*, 826 F.2d at 1309).  The primary issues here are the reasonableness of counsel's hourly rate and the reasonableness of the number of hours expended, matters over which this Court possesses sufficient expertise.  Furthermore, the written record here is of sufficient clarity to permit this Court to resolve any issues of fact that may exist, although the undersigned notes that no such issues have been raised because Defendant has not challenged Plaintiff's Motion.

1. <u>Reasonable Hourly Rate</u>

Plaintiff seeks $20,342.35 in attorneys' fees based upon professional services rendered. "In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F. 2d 714 (5th Cir. 1974)." *Meyrowitz v. Brendel*, No. 16-81793-CIV-MARRA, 2018 WL 4440492, at *3 (S.D. Fla. Sept. 17, 2018).

The 12 factors are

(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.*

"The reasonable hourly rate is defined as the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id*. (internal citations and quotations omitted.)  "The fee applicant bears the burden of establishing the claimed market rate," and "[t]he Court may use its own experience in assessing the reasonableness of attorney's fees." *Id.*

The hourly rates requested are as follows:  Christopher B. Spuches, a partner with 23 years of experience, requests $395 per hour. Partner Jason Martorella, with nine years of experience, request $360 per hour.  Associate Daniel Martinez, with three years of experience, requests $295 per hour.  Plaintiff also requests $125 per hour for a litigation paralegal.  In support of these fees, Plaintiff has submitted the affidavit of Matthew E. Ladd, an attorney admitted in the State of Florida since 2007 who is acquainted with fees

customarily charged and allowed by the District Courts of Florida in breach of contract cases.  ECF No. 21-5 at 2.

Plaintiff, at the request of the undersigned, submitted a Notice of fees that were previously awarded in this District.  ECF No. 24.  According to that Notice, on April 6, 2021, Spuches was awarded $462.10 per hour, while Martorella was awarded $375, and Martinez was awarded $290.  Given the similarity of these recent amounts to the amounts requested, the undersigned finds the requests reasonable.  Therefore, the undersigned finds that Spuches should be awarded the full amount requested, or $395 per hour, Martorella should be awarded $360 per hour, and Martinez should be awarded $295 per hour.  The Notice also notes that the paralegal rate of $125 hours was approved in the earlier case, and the undersigned agrees that this rate is appropriate.

2. <u>Hours Reasonably Expended</u>

Upon determination of the hourly rate, a court must determine the reasonable amount of hours expended in the litigation.  *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).  Inquiry into the reasonable number of hours focuses on the exercise of "billing judgment"—the exclusion of hours "that would be unreasonable to bill a client, and therefore to one's adversary irrespective of the skill, reputation, or experience of counsel." *Barnes*, 168 F.3d at 428 (emphasis omitted) (quoting *Norman*, 836 F.2d at 1301) (internal quotation marks omitted).  Hours that were not "reasonably expended" or are determined to be "excessive, redundant, or otherwise unnecessary" should be excluded from the fee calculation.  *Hensley,* 461 U.S. at 434.

Plaintiff seeks attorney's fees for 74.8 hours of work.  The fees were incurred while communicating with Plaintiff, arranging for service, and drafting and filing the Complaint

and motions. ECF No. 21-5   In support of the motion, Plaintiff has submitted counsels' itemized billing statements. *Id.*  The undersigned has reviewed the billing record line-by-line and compared it to the filings generated, has taken into account the supporting affidavit of Matthew E. Ladd, ECF No. 21-5, and is satisfied that the hours expended on the indicated tasks are reasonable.

### 3. Lodestar Amount and Adjustment

"There is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A.*, 559 U.S. 542, 553 (2010).  The Supreme Court has specifically identified three circumstances that may justify a deviation from the lodestar amount: (1) "where the method used in determining the hourly rate employed in the lodestar calculation does not adequately measure the attorney's true market value, as demonstrated in part during the litigation"; (2) "if the attorney's performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted"; and  (3) when there are "extraordinary circumstances in which an attorney's performance involves exceptional delay in the payment of fees." *Id.* at 554–56.

The undersigned finds the lodestar figure reasonable.  However,  Plaintiff's request appears to include not only hours worked prior to the Court's Order granting Plaintiff's Motion for Default Judgment, but also those hours correcting the mistake of Plaintiff's initial request for fees.   Courts frown upon any billing that seeks compensation for one's own errors*.  See, e.g., Alecca v. AMG Managing Partners, LLC,* No. 3:13-CV-163-J-39PDB, 2014 WL 2987702, at *9 (M.D. Fla. July 2, 2014) ("As to the number of hours

spent, some of counsel's hours were caused by his own errors for which [Defendant] should not be responsible.") Accordingly, the undersigned recommends that Plaintiff be awarded the full amount requested in his initial motion, $17,922.35. ECF No. 19.

    C.    <u>Costs</u>

Plaintiff seeks to recover $3,294.84 in litigation costs, which result from "filing fees," copies, court reporter fees, litigation research conducted via Westlaw, and "FedEx" charges. Plaintiff has, as requested, itemized the costs, and the undersigned finds that all but the fees attributable to "FedEx" appear to be of the kind to be compensable. *See* 28 U.S.C. § 1920 (enumerating costs that court may tax), *Pac. Food Sols., LLC v. G H Int'l, Inc.,* No. 6:14-CV-327-ORL-41, 2014 WL 3747345, at *4 (M.D. Fla. July 29, 2014) (finding the costs for "FedEx" not taxable). Also, although Plaintiff requests $3,125 in "filing fees," the undersigned cannot determine how Plaintiff arrived at that amount, as neither the docket entry cited[3] nor any other filings associated with this Motion contain an explanation. The undersigned does, however, see from the docket that Plaintiff paid at least $400 in an initial filing fee, ECF No. 1. Therefore, the undersigned finds Plaintiff should be awarded the full amounts for copies, $3.75; for litigation research, $21.04; and for the court reporter, $120; and partial costs of $400; for a total amount of $544.79 in costs.

## **RECOMMENDATION**

Based on the foregoing, the undersigned RECOMMENDS that Plaintiff's Supplemental Motion for Damages and Attorney's Fees and Costs, ECF No. 21, be

---

[3]    Plaintiff cites "Exhibit 2," ECF No. 21 at 9, which this Court interprets as ECF No. 21-2.

GRANTED to the extent that Plaintiff be awarded $33,199.67 for amounts owed, a liquidated and termination fee of $57,233.16, late fees of $2,394.73, attorney's fees of $17,922.35 and costs of $544.79 for a total award of $111,294.70. The Motion should be otherwise DENIED.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on uobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 25th day of August 2021.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Honorable Roy K. Altman

All Counsel of Record