**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-60890-CIV-ALTMAN/Hunt**

**RELIABILL SOLUTIONS, LLC,**

       *Plaintiff*,

v.


**MILESTONE DETOX, LLC**,

       *Defendant*.

_____/

## ORDER ADOPTING REPORT & RECOMMENDATION

The Plaintiff filed a Supplemental Motion for Damages and Attorney's Fees and Costs (the "Motion") [ECF No. 21], which we referred to Magistrate Judge Patrick M. Hunt. On August 25, 2021, Judge Hunt issued a Report & Recommendation ("R&R") [ECF No. 25], in which he recommended that the Motion be granted in part and that the Plaintiff be awarded $33,199.67 for amounts owed, a liquidated and termination fee of $57,233.16, late fees of $2,394.73, attorney's fees of $17,922.35, and costs of $544.79 for a total award of $111,294.70, *see id.* 9–10. Judge Hunt also warned as follows:

> Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

R&R at 10. As of this writing, no party has filed objections to the R&R, and the deadline to do so has passed. *See generally* Docket.

When a magistrate judge's "disposition" has been objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress' intent was to require a *de novo* review only where objections have been properly filed—and not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

This Court has carefully reviewed the R&R and can find no clear error in it. The R&R properly calculates the amounts owed and the liquidated damages, properly computes litigation costs, and properly compensates the Plaintiff's counsel, at a reasonable rate, for work done on this case.

Accordingly, the Court hereby **ORDERS** and **ADJUDGES** as follows:

1. The R&R [ECF No. 25] is **ADOPTED in full**.

2. The Supplemental Motion for Damages and Attorney's Fees and Costs [ECF No. 21] is **GRANTED in part**. The Plaintiff shall be awarded $33,199.67 for amounts owed, a liquidated and termination fee of $57,233.16, late fees of $2,394.73, attorney's fees of $17,922.35, and costs of $544.79 for a total award of $111,294.70, for which sum execution shall now issue.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 9th day of September 2021.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record